# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:06-CR-42(1) |
| | § | |
| PAUL HALL | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 21, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Carol Wheeler. Defendant was represented by John Pickett.

Defendant was sentenced on May 31, 2007, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of Wire Fraud, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. Defendant was subsequently sentenced to 27 months incarceration and three years supervised release subject to the standard conditions of release, plus special conditions to include $251,366.23 restitution, no new credit, and financial disclosure. On December 17, 2008, Defendant completed his period of imprisonment and began service of the supervision term.

On May 18, 2010, Chief Judge David Folsom ordered that Defendant's conditions of supervised release be modified to include 120 days of community confinement. On August 17, 2010, Chief Judge Folsom ordered that Defendant's conditions of supervised release be modified to include mental health treatment.

On November 1, 2010, the instant petition to revoke was filed. In its petition, the

Government alleges Defendant violated the following conditions:

1) **Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.** Specifically, the Government alleges as follows. On October 8, 2010; October 15, 2010; and October 22, 2010, Defendant failed to report to the probation office as directed. Defendant failed to submit a truthful and complete written report within the first five days of October 2010.

2) **Defendant shall pay restitution in the amount of $251,366.23 at a rate of at least 10% of Defendant's gross income.** Specifically, the Government alleges as follows. While at the community confinement center, Defendant was employed by Goodwill Industries and failed to pay 10% of his gross income toward the restitution obligation as directed.

3) **Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.** Specifically, the Government alleges as follows. Defendant failed to attend mental health treatment sessions as directed in September and October 2010.

4) **Beginning at a time to be arranged by the probation officer, Defendant shall reside in the community corrections component of the community confinement center for a period of 120 days. During this term, Defendant shall observe all rules and regulations of the facility.** Specifically, the Government alleges as follows. On September 2, 2010, Defendant was unsuccessfully discharged from the community confinement center as a program failure due to his failure to observe the rules and regulations of the facility.

The Court scheduled a revocation hearing November 21, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows: It is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of three months with no term of supervised release to follow. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of three months with no term of supervised release to follow. Further, it is

**RECOMMENDED** that the District Judge order that all criminal monetary penalties be imposed in the revocation as previously ordered in the final judgment, and that all payments collected will be credited towards outstanding balances. Specifically, Defendant shall pay restitution in the amount of $250,804.53 to the victim listed in the original judgment. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

The parties were informed of the right to file objections to the recommendations as set forth above. Objections shall be filed within ten days from the date of this Order. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed.

**SIGNED this 23rd day of November, 2010.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE